UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRIETTA MOORE and GREGG MOORE, | |
| Plaintiffs, | No. 22 CV 2280 |
| v. | Judge Manish S. Shah |
| JANE TURNER, et al., | |
| Defendants. | |

ORDER

Defendants' motions to dismiss, [8] [14], are granted. The complaint is dismissed without prejudice for improper service of process and lack of jurisdiction. Enter judgment and terminate civil case.

STATEMENT

Plaintiffs Henrietta and Gregg Moore adopted a child in Nigeria but have been unable to bring the child to the United States. They paid money to the Adoption Center of Illinois but received only a partial refund. [1] at 1.* The federal government has not issued a visa to allow the child to come to the United States. *See* [1] at 1 ("USCIS should be made to invite the adopted son"); [17] at 1 (requesting a court order issuing a visa). The Moores filed this lawsuit against the Adoption Center of Illinois, individual representatives of that company, United States Citizenship and Immigration Services, and a retired USCIS official. [1]; [8] at 1; [14] at 1. Defendants move to dismiss the complaint.

According to the complaint and plaintiffs' responses to the motions to dismiss, the Moores want a full refund from the adoption agency based on breach of contract and they want the government to allow their son to come to the United States. [1]; [10] at 3; [17] at 5.

Plaintiffs attempted to serve all of the defendants by sending copies of the complaint and summons to the defendants by certified mail. [1] at 2; [5]. Service by certified mail did not bring any of these defendants under the jurisdiction of the court.

---

* Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of filings.

Fed. R. Civ. P. 4(e), (h), (i); *Goode v. PennyMac Loan Servs., LLC*, 2014 WL 6461689, at *9 (N.D. Ill. Nov. 18, 2014); *Lockhart v. HSBC Fin. Corp.*, 2015 WL 4111346, at *2 (N.D. Ill. July 8, 2015) ("Mailing the summons is insufficient."). The court noted the problem of improper service, *see* [9], but plaintiffs have taken no steps to address it or explain why proper service is somehow impractical. The ninety-day window to serve defendants has expired, and the plaintiffs have not shown good cause for the failure to timely and properly serve the defendants. Under Rule 4(m), the court must dismiss the case without prejudice.

Giving plaintiffs more time to serve defendants would be futile because there is another problem with their complaint. This court does not have jurisdiction to order USCIS to issue a visa to an adopted child, because that decision is a discretionary one to be made by immigration officials. 8 U.S.C. § 1252(a)(2)(B)(ii); 8 U.S.C. § 1154(a)(1)(A)(i); *see El-Khader v. Monica*, 366 F.3d 562, 567 (7th Cir. 2004); *Moore v. Pompeo*, Case No. 17 CV 3809, Dkt. No. 39 (N.D. Ill. July 23, 2018). And the Moores do not allege that they have a pending visa application over which this court has some authority and could compel its processing.

There is no independent subject-matter jurisdiction over a breach of contract claim against the non-government defendants (assuming such a claim is properly joined with a claim against USCIS), so the court relinquishes any supplemental jurisdiction over state-law claims. *See* 28 U.S.C. § 1367(c)(3). Plaintiffs appear to be domiciled in Illinois, and the Adoption Center of Illinois appears to be a citizen of Illinois. Plaintiffs do not allege diversity of citizenship. If plaintiffs have a breach of contract claim against the adoption agency and its personnel, that claim must be pursued in state court.

The complaint is dismissed without prejudice for improper service of process and lack of subject-matter jurisdiction.

ENTER:

Date: August 24, 2022

_____
Manish S. Shah
U.S. District Judge